UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **GREGORY FITZGERALD HOBSON** | * | **CIVIL ACTION NO.  16-0508** |
| **VERSUS** | * | **MAG. JUDGE KAREN L. HAYES** |
| **LEEVELMA PRUDHOMME, ET AL.** | * | |

### MEMORANDUM RULING[1]

Before the court is a motion to dismiss [doc. # 19] filed by defendants Leevelma Prudhomme and Amanda Tolliver.  The motion is opposed.  For reasons detailed below, the motion is DENIED.

### Background

On March 17, 2016, Gregory Fitzgerald Hobson filed the instant "Complaint for Defamation of Character" against Leevelma Prudhomme in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana.  Plaintiff alleges that he is the victim of vicious, defamatory attacks perpetrated by defendant – the owner of a certain cell phone number.  He further alleges that defendant falsely accused him of stalking, harassment, and violating the terms of a protective order obtained by her daughter, Amanda Lashay Tolliver, that ultimately culminated in plaintiff's arrest on charges of stalking and for violating the protective order(s).  Plaintiff asserts causes of action for malicious prosecution, false imprisonment/arrest, defamation, wantonness, negligence, gross negligence, invasion of privacy, and intentional

---

[1] With the consent of all parties, the District Court referred this matter to the undersigned magistrate judge for the conduct of all further proceedings and the entry of judgment, 28 U.S.C. § 636(c). [doc. #s 21-23].

infliction of emotional distress. He seeks $262,100 in damages, plus declaratory and injunctive relief.

On April 18, 2016, Leevelma Prudhomme, removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On August 1, 2016, plaintiff amended his complaint to join Prudhomme's daughter, Amanda Lashay Tolliver.

On September 8, 2016, defendants filed the instant motion to dismiss plaintiff's complaint. Plaintiff filed his opposition on September 29, 2016. [doc. # 25]. Defendants did not file a reply, and the time to do so has lapsed. (Notice of Motion Setting [doc. # 20]). Accordingly, the matter is ripe.

## Discussion

Defendants assert three grounds in support of their motion to dismiss. First, they argue that the case should be dismissed for the reasons shown in "Prudhomme's motion to dismiss filed August 16, 2016 . . ." However, the court discerns no motion to dismiss filed by Prudhomme in this case on August 16, 2016, or on any other date. Thus, this argument fails.

Defendants next contend that dismissal is warranted pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976) ("*Colorado River*") because the instant suit is duplicative of another suit pending between plaintiff and Tolliver in state court. The *Colorado River* abstention doctrine reflects "principles of federalism, comity, and conservation of judicial resources" and presents an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts" to exercise the jurisdiction conferred upon them. *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) (citations omitted). *Colorado River* abstention is "available only where the state and federal

2

proceedings are parallel—i.e., where the two suits involve the same parties and the same issues." *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005).

Here, defendants allege only that plaintiff has another suit pending against defendant Tolliver in state court. Although defendants did not adduce a copy of the other suit, plaintiff did. (Pl. Opp. Memo., Exh. B). Upon review of the state suit, it is manifest that, despite some overlap of factual allegations, the focus of the state suit is defendant's alleged theft of an immovable by means of fraud, deception, or artifice, whereas the purpose of the instant suit is to vindicate plaintiff's damages stemming from defendants' alleged false accusations that resulted in criminal charges against plaintiff. In short, defendants have not established that the state and federal suits are parallel.[2] Accordingly, *Colorado River* abstention is inapplicable.

Finally, defendants contend that Leevelma Prudhomme has no connection to this suit, save for the fact that her name appears on the cell phone used by her daughter. Be that as it may, statements by counsel do not constitute evidence. *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir.1980). Even if counsel's statements *were* supported by evidence, the court normally is not permitted to consider extrinsic evidence in the context of a motion to dismiss for failure to state a claim upon which relief can be granted.[3]

---

[2] Even if the suits were parallel, defendants still did not demonstrate that application of the pertinent factors established exceptional circumstances to warrant abstention. *See Black Sea Inv., Ltd., supra*.

[3] As defendants' motion did not test the sufficiency of the elements of each of plaintiff's myriad claims, neither will the court. Nonetheless, the court is compelled to note that until the criminal charges against plaintiff are resolved, his defamation claim, at minimum, may be premature. *Alexander v. Nixon*, Civ. Action No. 15-2300, 2015 WL 9997250 (W.D. La. Dec. 15, 2015), report and recommendation adopted sub nom. *Edward v. Nixon*, Civ. Action No. 15-2300,

**Conclusion**

For the above-assigned reasons,

IT IS ORDERED that the motion to dismiss [doc. # 19] filed by defendants Leevelma Prudhomme and Amanda Tolliver is hereby DENIED.

In Chambers, at Monroe, Louisiana, this 12th day of October 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

2016 WL 427931 (W.D. La. Feb. 3, 2016). The court will address this issue via separate order.